IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCULUS INNOVATIVE SCIENCES, INC., | No. C 06-01686 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO ADD AN INDISPENSABLE PARTY** |
| v. | |
| NOFIL CORPORATION, et al., | |
| Defendants. | |

Defendants have moved to join a necessary party, or in the alternative to dismiss plaintiff's complaint for failure to join an indispensable party.[1] Hearing on the motion is currently scheduled for January 26, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is appropriate for resolution without oral argument, and VACATES the hearing. As set forth below, the Court DENIES defendants' motion. **The case management conference scheduled for 2:00 p.m. on January 26, 2007 remains on calendar**.

**BACKGROUND**

Plaintiff Oculus Innovative Sciences, Inc., is a medical device and pharmaceutical company

---

[1] It is unclear precisely what defendants seek through this motion. The notice of motion requests an "order that Cesar Pacheco be added by plaintiff as an indispensable defendant in this case." The motion is entitled: "Motion to add indispensable defendant, Cesar M. Pacheco, or dismiss complaint." Defendants' reply brief is entitled: "Reply to opposition to motion to dismiss for failure to add indispensable defendant." Based on the totality of the briefing, the Court construes defendants' motion as a motion to join Mr. Pacheco as a necessary party, or in the alternative, to dismiss the Complaint for failure to join an indispensable party. As discussed below, either way, defendants' motion is DENIED.

1 headquartered in Petaluma, California.[2] Plaintiff has offices and facilities around the world, including
2 a manufacturing plant located outside Mexico City, Mexico. Defendant Naoshi Kono is the sole owner
3 and director of defendant Nofil Corporation, which is based in Japan. Kono is a Japanese citizen
4 residing in Japan.

This lawsuit involves "Microcyn" technology developed by plaintiff. Microcyn is a disinfectant, antiseptic and sterilization agent with a number of uses. On October 28, 2003, plaintiff and defendants entered into an Agreement for Mutual Exchange of Confidential Material ("Non-Disclosure Agreement" or "NDA"). Under the NDA, each party agreed not to disclose confidential information ascertained from the other party. On October 30, 2003, the parties entered into an "Exclusive Purchase Agreement" ("EPA"), under which defendant NOFIL agreed to manufacture certain machines (the "Products") for the production of Microcyn. Under the EPA, NOFIL also agreed not to sell the Products to any other manufacturer besides plaintiff.

Sometime thereafter, plaintiff alleges that defendants, "together with third parties including Cesar Mangotich Pacheco," developed and manufactured the Product for sale to manufacturers other than plaintiff. Complaint ¶ 24. In doing so, plaintiff alleges that defendants breached both the NDA and the EPA. Plaintiff filed with this Court a complaint making these allegations on March 6, 2006. The Complaint alleges diversity jurisdiction and includes claims for (1) breach of contract, (2) misappropriation of trade secrets, (3) trademark infringement, (4) interference with economic advantage, (5) unfair competition, and (6) injunctive relief. Now before the Court is defendants' motion to join Mr. Mangotich Pacheco, who is referred to in paragraph 24 of the Complaint, as a necessary party, or in the alternative to dismiss the Complaint for failure to join an indispensable party.

### LEGAL STANDARD

Federal Rule of Civil Procedure 19(a) provides the standard for determining if a party must by joined as "necessary":

> A person who is subject to service of process and whose joinder will not deprive the

---

[2] All of the following facts are taken from plaintiff's Complaint, the allegations of which must be taken as true, at this stage.

court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

The determination of whether a non-party should be joined pursuant to Rule 19(a) rests within the discretion of the court based on a consideration of the facts of the case and the policies underlying the rule. *See Bakia v. County of Los Angeles*, 687 F.2d 299, 301 (9th Cir. 1982). The Ninth Circuit has instructed courts to consider the following when deciding whether a non-party should be joined:

Underlying policies include plaintiff''s right to decide whom he shall sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee, and fairness to the other party. The determination is heavily influenced by the facts and circumstances of each case. It is a misapplication of Rule 19(a) to add parties who are neither necessary nor indispensable, who are not essential for just adjudication and who have a separate cause of action entirely.

*Id.*

Where joinder is "necessary" pursuant to Rule 19(a)(1)-(2), but such joinder is not feasible because it would destroy the court's jurisdiction, then the court must determine whether the party is "indispensable," as defined by Rule 19(b). If the party is "indispensable," then the action must be dismissed. Rule 19(b) states:

Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Defendants bear the burden of persuasion in arguing for dismissal under Rule 19. *See Clinton v. Babbit*, 180 F.3d 1081, 1088 (9th Cir. 1999).

**DISCUSSION**

3

Defendants contend that Mr. Mangotich Pacheco is an indispensable party to this action. The Court disagrees. First, the Court notes that all but one of plaintiff's claims sound in tort (misappropriation of trade secrets, trademark infringement, unfair competition, and interference with economic advantage). As plaintiff explains, the Supreme Court has held that "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (citing cases). In fact, "[t]he Advisory Committee Notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual "joint-and-several" liability is merely a permissive party to an action against another with like liability.'" *Id.* (citation omitted).

It appears from the face of the Complaint that, to the extent that Pacheco was involved in the actions complained of, he was a joint tortfeasor. *See* Complaint ¶ 24. As such, the rule described in *Temple* applies, and as a matter of law, Pacheco is not a necessary or indispensable party to the tort claims. *See* 498 U.S. at 7. In response to this point, defendants cite a district court case from the Fifth Circuit which states: "An exception to [the *Temple*] rule is when the joint tortfeasor is an 'active participant' in the tort." *Payan v. Cont'l Tire N. Am., Inc.*, 232 F.R.D. 587, 589 (S.D. Tex. 2005) (citing *Haas v. Jefferson Nat'l Bank*, 442 F.2d 394, 398 (5th Cir. 1971)). There is no such exception in the Ninth Circuit. The Court must therefore follow *Temple*, and find that Pacheco is not a necessary or indispensable party to plaintiff's tort claims.

Plaintiff's remaining claim is for breach of contract. As discussed, this claim alleges that defendants breached the NDA and the EPA. Defendants fail to explain how any of the Rule 19(a) criteria are met with respect to this claim. First, defendants fail to establish that in Pacheco's "absence complete relief cannot be accorded among those already parties." Fed. R. Civ. P. 19(a)(1). Defendants fail to explain how plaintiff will be unable to fully recover on its breach of contract claim without Pacheco's participation as a defendant. There are no facts or allegations suggesting that Pacheco was a party to, or otherwise involved with, either the NDA or the EPA. Pacheco's joinder therefore appears wholly unnecessary to allow plaintiff to fully recover for the breaches it alleges in the Complaint.

Defendants also fail to explain how Pacheco's absence would implicate the second criterion of Rule 19(a), where:

the person claims an interest relating to the subject of the action and is so situated that

4

> the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest

Fed. R. Civ. P. 19(a)(2). As discussed, Pacheco is not at all implicated in the breach of contract claim; he was not a party to the NDA or the EPA. Defendants do not explain, and the Court fails to see, how resolution of the breach of contract claim could have any bearing on Pacheco's interests.

Because Pacheco is not a necessary party as described in Rule 19(a), the Court need not explore whether he is an indispensable party under Rule 19(b).[3] Defendants thus fail to meet their burden of persuasion that dismissal under Rule 19 is warranted. *See Babbit*, 180 F.3d at 1088.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to add a necessary party or dismiss for failure to add an indispensable party. (Docket No. 17)

**IT IS SO ORDERED.**

Dated: January 25, 2007

SUSAN ILLSTON
United States District Judge

---

[3] Even if the Court found Pacheco to be a necessary party under Rule 19(a), defendants fail to make any showing with respect to the feasibility of joining Pacheco. In fact, defendants' reply brief appears to argue that Pacheco's joinder is feasible. *See* Reply at 8:20-24 (Pacheco "IS likely subject to this Court's jurisdiction by his likely Employment Contract's dispute resolution clauses . . . ."). If his joinder is feasible, then Pacheco is not an indispensable party under Rule 19(b), and dismissal is inappropriate.

5