IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCULUS INNOVATIVE SCIENCES, INC., | No. C 06-01686 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' REQUEST TO STAY AND FOR CONTINUANCE OF DISCOVERY** |
| v. | |
| NOFIL CORPORATION, et al., | |
| Defendants. | |

On March 20, 2007, the parties collectively filed a Joint Case Management Statement (Docket No. 36). This statement specified that defendants' responses to plaintiff's initial round of written discovery were due by April 19, 2007. On March 30, 2007, defendant sent a letter to this Court which, although unclear, appears to request that the Court stay this matter one month and that it continue any discovery disputes. For the following reasons, this Court DENIES defendant's request for a stay and continuance of discovery and ORDERS that defendants comply with their discovery obligations under the Federal Rules of Civil Procedure.

**I.   The FRCP governs the conduct of discovery in this matter**

Citing no legal authority, defendants first appear to argue that Japanese law, or some unspecified body of international law, applies to discovery matters in this case. The Court disagrees. The Federal Rules of Civil Procedure govern discovery in this case. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa*, 482 U.S. 522, 538 (1987) (the Hague Evidence Convention does not provide an exclusive mandatory procedure for obtaining documents and it is within the trial court's discretion to compel discovery under the court's procedures). Defendants provide no

support for their claim that foreign governments or attorneys must be involved in discovery in this case. Defendants also fail to sufficiently demonstrate that they cannot participate in discovery without violating foreign law. As such, defendants have not met their burden of showing that the Federal Rules should not apply here. *See United States v. Vetco, Inc.*, 691 F.2d 1281, 1289 (9th Cir. 1981) (a "party relying on foreign laws has the burden of showing that such law bars the production of evidence.").

## II.    Continuation of discovery is improper

Defendants request that the Court continue all discovery disputes until after the June, 2007 mediation.[1] Defendants present no compelling reason for doing so, and the parties may need the Court's guidance on discovery matters before the mediation. The Court therefore DENIES defendants' request.

Defendants also request that the Court continue discovery pending the outcome of unspecified patent applications now before the United States Patent and Trademark Office. The applications do not appear to be at issue in this action and the Court therefore DENIES defendants' request.

Defendants further ask that the Court stay the matter entirely and submit it to an "International Commerce Forum." Again, defendants provide no support for their argument. Moreover, defendants have already appeared in this Court and asserted significant counterclaims. The Court therefore DENIES defendants' request.

## III.   Request to stay

Defendants also request that the Court stay the present action while defendants' counsel is out of the office for a month recuperating from surgery. The schedule established in the Pretrial Preparation Order provides sufficient time for the parties to prepare this case, even with a month-long absence. Further, plaintiff has expressed a willingness to accommodate defense counsel's anticipated one-month absence. The Court therefore DENIES defendants' request.

---

[1] Because the deadline for plaintiff's initial discovery responses has not yet passed, and there are no particular discovery disputes currently pending, the Court questions whether this issue is ripe for consideration.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' requests and ORDERS that they comply with the discovery procedures outlined in the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: April 13, 2007

SUSAN ILLSTON
United States District Judge